IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

JS - 6

ELISE S. FELDMAN
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105
Telephone: (415) 744-6470
Facsimile: (415) 744-6476
E-mail: Elise.Feldman@usdoj.gov

THOMAS J. BOIS
Bois & MacDonald
2030 Main Street
Irvine, CA 92614
Telephone: (949) 660-0011
Email: tbois@boismac.com

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

_____
UNITED STATES OF AMERICA )
)
      Plaintiff, ) Civil Action No. CV 13-2887 ABC (MANx)
)
  v. )
)
LEVAN SPECIALTY COMPANY, ) CONSENT DECREE
INC. )
)
      Defendant. )
_____ )

Consent Decree

TABLE OF CONTENTS

Page

I. BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V. STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI. REIMBURSEMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . 5

VII. FAILURE TO COMPLY WITH REQUIREMENTS . . . . . . . . . . . . . . 6

VIII. COVENANT NOT TO SUE BY PLAINTIFF . . . . . . . . . . . . . . . . . . . .8

IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT . . . . . . . . 9

X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . 10

XI. SITE ACCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

XII. ACCESS TO INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XIII. RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

XIV. NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

XV. RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XVI. INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . 16

XVIII. EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XIX. SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XX. FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA") has filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of response costs incurred and to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Puente Valley Operable Unit ("PVOU") of the San Gabriel Valley Superfund Site, Area 4, Los Angeles County, California (the "Site").

B. This Consent Decree provides for the reimbursement of a portion of the United States' Past Response Costs at this Site by LeVan Specialty Company, Inc. ("Settling Defendant").

C. By entering into this Consent Decree, Settling Defendant does not admit liability to or arising out of the transactions or occurrences alleged in the Complaint or to any other person related to the Site.

D. The United States has reviewed the Financial Information submitted by Settling Defendant to determine whether Settling Defendant is financially able to pay response costs incurred and to be incurred at the Site. Based upon this Financial Information, the United States has determined that Settling Defendant is able to pay the amounts specified in Section VI.

E. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§§ 1331 and 1345, 42 U.S.C §§ 9607, and 9613(b), and also has personal jurisdiction over Settling Defendant in this action. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendant and its beneficiaries, heirs, successors, and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

    a. "Basin-wide Response Costs" shall mean costs, including but not limited to direct and indirect costs, including accrued Interest, that the United States has paid for basin-wide (non-operable unit) response actions in connection with the San Gabriel Valley Superfund Sites, Areas 1- 4.

    b. "Carrier Consent Decree" shall mean the consent decree entered on April 28, 2006 in the matter of *United States v. Carrier Corporation*, Civ. Action No. 05-6022 ABC (FMOx)(C.D. Cal.), relevant portions of which are

attached hereto as Appendix A.

        c.    "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

        d.    "Consent Decree" shall mean this Consent Decree and any appendices attached hereto.

        e.    "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day falls on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

        f.    "DOJ" shall mean the United States Department of Justice and any successor departments, agencies, or instrumentalities of the United States.

        g.    "Effective Date" shall mean the date of entry of this Consent Decree.

        h.    "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities of the United States.

        I.    "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

        j.    "ESD" shall mean the Explanation of Significant Differences issued by EPA on June 14, 2005 for the Record of Decision.

        k.    "Facility" shall mean the Site.

        l.    "Financial Information" shall mean those financial documents identified in Appendix B.

        m.    "Future Response Costs" shall mean all costs, including but not limited to Oversight Costs, direct or indirect costs, and Basin-wide Response Costs allocated to the Site, including Interest, that the United States or any third

party pays or incurs at or relating to the Site after the date of entry of this Consent Decree, but prior to the later of (I) the date eight (8) years from the Operational and Functional Date of the Carrier Consent Decree, or (ii) the date of issuance of a final Record of Decision for the Site.

n.   "Interest" shall mean interest at the applicable rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

o.   "Oversight Costs" shall mean all direct and indirect costs, including Interest, that the United States incurs in connection with monitoring and supervising performance of the Response Work by other persons.

p.   "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

q.   "Parties" shall mean the United States and the Settling Defendant.

r.   "Past Response Costs" shall mean all costs, including but not limited to Oversight Costs, direct and indirect costs, and Basin-wide Response Costs allocated to the Site, including Interest, that the United States or any third party has paid or incurred at or relating to the Site through and including the date of entry of this Consent Decree.

s.   "Plaintiff" shall mean the United States.

t.   "Record of Decision" or "ROD" shall mean the September 30, 1998 EPA Interim Record of Decision for the Puente Valley Operable Unit (Area 4) of the San Gabriel Valley Superfund Sites, Areas 1-4.

u.   "Response Work" shall mean the design and implementation of any remedial measures, including the operation and maintenance thereof, encompassed within the Record of Decision as modified by the ESD.

  v. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

  w. "Settling Defendant" shall mean LeVan Specialty Company, Inc., a California corporation.

  x. "Site" shall mean the facility, which consists of an area of groundwater contamination in Los Angeles County, California, located in the geographic area designated on the National Priorities List as the San Gabriel Valley Superfund Site, Area 4 and identified as the Puente Valley Operable Unit. *See* 49 Fed. Reg. 19480 (1984).

  y. "State" shall mean the State of California.

  z. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

### V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment to address its liability for the Site as provided in the Covenant Not to Sue by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section VIII, Paragraph 15.

### VI. REIMBURSEMENT OF RESPONSE COSTS

5. <u>Payments to the EPA Hazardous Substance Superfund</u>.  Settling Defendant shall pay to the EPA Hazardous Substance Superfund the amount of One Hundred Fifty Five Thousand Dollars ($155,000) in reimbursement of Past Response Costs.  Payment shall be made as follows:

  a. Settling Defendant shall, within thirty (30) working Days after entry of this Consent Decree, remit the principal of one hundred fifty five thousand dollars ($155,000) to the United States.  Payment to the United States shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with current EFT procedures, referencing the

USAO File Number, EPA Region IX, the Site/Spill ID Number 09-8V, and DOJ Case Number 90-11-2-354/30.  Payment shall be made in accordance with instructions provided to the Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Central District of California following lodging of the Consent Decree.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business Day. Settling Defendant shall send notice to EPA and DOJ that payment has been made in accordance with Section XIV (Notices and Submissions) and to David Wood, MTS-4-2, Supervisory Accountant, U.S. EPA, Region IX, 75 Hawthorne Street, San Francisco, California 94105.

   b. The one hundred fifty five thousand dollars ($155,000) paid by Settling Defendant to the United States shall be deposited in the "San Gabriel Valley Superfund Sites, Area 4, Special Account" within the EPA Hazardous Substance Superfund. This Special Account shall be retained and used to conduct or finance response actions at or in connection with the Site or the San Gabriel Valley Superfund Sites (Areas 1- 4), or may be transferred by EPA from this Special Account to the EPA Hazardous Substance Superfund.

## VII. FAILURE TO COMPLY WITH REQUIREMENTS

 6. <u>Interest on Late Payments</u>. In the event that any payment required under Section VI (Reimbursement of Response Costs) or Section VII, Paragraph 7 (Stipulated Penalties) is not received when due, Interest shall continue to accrue on the unpaid balance through the date of payment.  Settling Defendant shall be liable for any such Interest pertaining to the payments required under Section VI, paragraphs 5.a. (Reimbursement of Response Costs).

 7. <u>Stipulated Penalties</u>.

   a. Settling Defendant shall be liable for stipulated penalties for late payments under Section VI, paragraphs 5.a. (Reimbursement of Response Costs) and for the Interest on late payments under Section VI, paragraphs 5.a. as

required under Section VII, Paragraph 6.  The stipulated penalties shall be in the following amounts per violation per Day that any such payment is late:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $500 | 1st through 14th Day |
| $1,500 | 15th through 30th Day |
| $2,500 | 31st Day and beyond |

      b.     Settling Defendant shall be liable for stipulated penalties in the amount of one thousand five hundred dollars ($1,500) per Day per violation of the provisions contained in Sections XII (Access To Information), and XIII (Retention of Records).

      8.     All Interest and penalties set forth under this Section shall begin to accrue on the Day a violation occurs, and shall continue to accrue through the final Day of the correction of the noncompliance.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

      9.     Interest and stipulated penalties shall accrue as provided in Paragraphs 6 and 7, regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need be paid only upon demand.

      10.     Interest and stipulated penalties set forth under this Section shall be due and payable within thirty (30) Days of the date of demand for payment.  All payments to the United States under this Paragraph shall be made by certified or cashier's check made payable to the "EPA Hazardous Substances Superfund," shall be forwarded to the U.S. EPA, Region IX, Superfund Payments, Cincinnati Finance Center, P.O. Box 979076, St. Louis, MO 63197-9000, shall indicate that payment is for Interest and/or stipulated penalties, and shall reference EPA Region IX, the Site/Spill Identification Numbers 09-8V, the USAO File Number, the DOJ Case Number 90-11-2-354/30, and the name and address of the party making

Consent Decree    7

payment. Copies of check(s) paid pursuant to this Paragraph, and any accompanying transmittal letter(s), shall be forwarded to DOJ and EPA as provided in Section XIV (Notices and Submissions), and to David Wood, PMD-6, Section Chief, U.S. EPA Region IX, 75 Hawthorne Street, San Francisco, California 94105.

11. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of Interest or stipulated penalties that have accrued pursuant to this Consent Decree.

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

13. If the United States brings an action against Settling Defendant to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

## VIII. COVENANT NOT TO SUE BY PLAINTIFF

14. <u>Covenant Not to Sue</u>. Except as specifically provided in Paragraph 15 (Reservation of Rights), Plaintiff covenants not to sue or to take any administrative action against Settling Defendant for performance of Response Work, Past Response Costs and Future Response Costs, pursuant to Section 7003 of RCRA, 42 U.S.C. § 6973, or Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a). This covenant shall take effect upon receipt by Plaintiff of the payments set forth in Paragraph 5. This covenant is conditioned upon Settling Defendant's satisfactory performance of its obligations under this Consent Decree. This covenant extends only to Settling Defendant and does not extend to any other person.

15. <u>Reservation of Rights</u>. The covenant not to sue set forth in Paragraph 14 does not pertain to any matters other than those expressly specified therein. The Plaintiff reserves, and this Consent Decree is without prejudice to all rights

against Settling Defendant with respect to other matters, including but not limited to:

    a.    liability for failure by Settling Defendant to meet a requirement of this Consent Decree;

    b.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

    c.    criminal liability; and

    d.    liability for response actions and response costs incurred or to be incurred by the United States not covered as matters addressed as set forth in Paragraph 20 of this Consent Decree, including but not limited to liability for any response actions and response costs at the Site that occur after the later of (I) the date eight (8) years from the Operational and Functional Date of the Carrier Consent Decree, or (ii) the date of issuance of a final Record of Decision for the Site.

16.    Notwithstanding any other provision of this Consent Decree, EPA reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information provided by Settling Defendant, or the financial certification made by Settling Defendant in Paragraph 30, is false or, in any material respect, inaccurate.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

17.    Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against Plaintiff or its contractors or employees with respect to Response Work, Past Response Costs, and Future Response Costs, as set forth in this Consent Decree, including but not limited to:

    a.    any direct or indirect claims for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any

other provision of law;

  b.  any claims arising out of costs or response actions at or in connection with the Site, including any claim under the United States Constitution, the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; and

  c.  any claims against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, related to the Site.

18.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

**X.   EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

19.  Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law.  Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

20.  The Parties agree that in consideration of the payment made by Settling Defendant and the execution of this Consent Decree, Settling Defendant has resolved its liability to Plaintiff and is entitled to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for matters addressed in this Consent Decree, conditioned only upon entry of this Consent Decree.  The matters addressed in this Consent Decree are: Response Work; Past Response Costs; and Future Response Costs.  The matters addressed exclude those response actions and response costs to which Plaintiff has

reserved its rights under this Consent Decree.

21. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by Settling Defendant for matters related to this Consent Decree, Settling Defendant will notify DOJ and EPA, in writing not later than sixty (60) Days prior to the initiation of such suit or claim.  Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against Settling Defendant for matters related to this Consent Decree, Settling Defendant will notify DOJ and EPA in writing within ten (10) Days of service of the complaint or claims upon Settling Defendant.  In addition, Settling Defendant shall notify DOJ and EPA within ten (10) Days of service or receipt of any motion for summary judgment or any order from a court setting a case for trial, for matters related to this Consent Decree.

22. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claims based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

## XI.   SITE ACCESS

23. Commencing upon the date of lodging of this Consent Decree, Settling Defendant agrees to provide the United States and the State of California and their representatives, including EPA, Department of Toxic Substances Control, and Los Angeles Regional Water Quality Control Board, and their contractors, access at all reasonable times to the property within the Site owned or controlled by Settling Defendant to which access is determined by EPA to be

required for the implementation of this Consent Decree, or for the purpose of conducting any response activity related to the Site, including but not limited to:

    a. Monitoring of investigation, removal, remedial, or other activities at the Site;

    b. Verifying any data or information submitted to the United States or to the State of California;

    c. Conducting investigations relating to contamination at or near the Site;

    d. Obtaining samples;

    e. Assessing the need for, planning, or implementing response actions at or near the Site; and

    f. Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Settling Defendant or its agents, consistent with Section XII (Access to Information).

24. Notwithstanding any provision of this Consent Decree, the United States retains all of its access authorities and rights, including enforcement authorities related thereto, under CERCLA, the Resource Conservation and Recovery Act, 42 U.S.C. § 6927, and any other applicable statutes or regulations.

## XII.   ACCESS TO INFORMATION

25. Settling Defendant shall provide to Plaintiff, upon request, copies of all documents and information within its possession or control or that of its contractors or agents relating in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

26. <u>Confidential Business Information and Privileged Documents</u>.

    a. Settling Defendant may assert business confidentiality claims

covering part or all of the documents or information submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by Plaintiff will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies documents or information when they are submitted to the Plaintiff, or if Plaintiff has notified Settling Defendant that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA, the public may be given access to such documents or information without further notice to Settling Defendant.

    b.  Settling Defendant may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendant asserts such a privilege in lieu of providing documents, it shall provide Plaintiff with the following: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of each addressee and recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted.  However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other consent decree with Plaintiff shall be withheld on the grounds that they are privileged.  If a claim of privilege applies only to a portion of a document, the document shall be provided to Plaintiff in redacted form to mask the privileged information only.  Settling Defendant shall retain all records and documents that it claims to be privileged until Plaintiff has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in Settling Defendant's favor.

    27.  No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic,

scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XIII.   RETENTION OF RECORDS

28.   Until ten (10) years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control thereafter, that relate in any manner to response actions taken at the Site or the liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.  After five (5) years, Settling Defendant may contact EPA in writing to request instructions as to whether such records and documents shall be maintained for the remaining five (5) year retention period, or whether such records and documents may be discarded.  No retained records or documents shall be disposed of prior to the ten (10) year retention period, unless Settling Defendant receives instructions from EPA specifically permitting Settling Defendant to dispose of such records and documents.

29.   After the conclusion of the ten (10) year document retention period in the preceding Paragraph, Settling Defendant shall notify EPA and DOJ at least ninety (90) Days prior to the destruction of any such records or documents, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records or documents to EPA subject to the same privilege provisions set forth in Section XII (Access To Information).

30.   By signing this Consent Decree, Settling Defendant certifies that, after thorough inquiry, to the best of its knowledge and belief, Settling Defendant has:

    a.   not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, documents, or other information relating to its potential liability regarding the Site, after notification of potential liability or the filing of a

suit against Settling Defendant regarding the Site; and that Settling Defendant has fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

    b. submitted to EPA Financial Information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to EPA and the time Settling Defendant executes this Consent Decree.

### XIV. NOTICES AND SUBMISSIONS

31. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be forwarded by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States (DOJ and EPA) and Settling Defendant, respectively.

<u>As to the United States:</u>

<u>As to DOJ</u>:

W. Benjamin Fisherow
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-354/30)
P.0.Box 7611
Washington, DC 20044-7611

Elise S. Feldman
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105

<u>As to EPA</u>:

Larry Bradfish(ORC-3)
Assistant Regional Counsel

Consent Decree  15

1  U.S. Environmental Protection Agency, Region IX
   75 Hawthorne Street
2  San Francisco, CA  94105

3  As to Settling Defendant:

4  Thomas J. Bois
   Bois & MacDonald
5  2030 Main Street
   Irvine, CA 92614
6  Telephone: (949) 660-0011
   Email: tbois@boismac.com

7
        Settling Defendant may change the identity or contact information for its
8
   agent at any time by written notice to the Court and to the United States.
9
                    **XV.   RETENTION OF JURISDICTION**
10
        32.   This Court shall retain jurisdiction over this matter for the purpose of
11
   interpreting and enforcing the terms of this Consent Decree.
12
                    **XVI.   INTEGRATION/APPENDICES**
13
        33.   This Consent Decree and its appendices constitute the final, complete
14
   and exclusive agreement and understanding among the Parties with respect to the
15
   settlement embodied in this Consent Decree.  The Parties acknowledge that there
16
   are no representations, agreements or understandings relating to the settlement
17
   other than those expressly contained in this Consent Decree.  The following
18
   appendices are attached to and incorporated into this Consent Decree: "Appendix
19
   A" is the relevant portions of the Carrier Consent Decree; and "Appendix B" is a
20
   list of the financial documents submitted to EPA by Settling Defendant.
21
           **XVII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**
22
        34.   This Consent Decree shall be lodged with the Court for a period of
23
   not less than thirty (30) Days for public notice and comment.  The United States
24
   reserves the right to withdraw or withhold its consent if the comments regarding
25
   the Consent Decree disclose facts or considerations which indicate that this
26
   Consent Decree is inappropriate, improper, or inadequate. Settling Defendant
27
   consents to the entry of this Consent Decree without further notice.
28

Consent Decree                                                                  16

35. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

### XVIII.   EFFECTIVE DATE

36. The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

### XIX.   SIGNATORIES/SERVICE

37. Each undersigned representative of the Settling Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

38. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

39. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

### XX.   FINAL JUDGMENT

40. Upon approval and entry of this Consent Decree by this Court, this Consent Decree shall constitute a final judgment between the United States and

1  Settling Defendant.  The Court finds that there is no just reason for delay and
2  therefore enters this judgment as the final judgment under Fed. R. Civ. P. 54 and
3  58.

5  SO ORDERED THIS 20 DAY OF June, 2013.

*Audrey B. Collins*
_____
United States District Judge